Bouldin, J.,
concurred in all the results of the opinion ; hut he was not prepared to concur in what was said in relation to the application of the statute of limitations to the bonds of Peters.
The decree was as follows:
*114 For reasons stated in writing and filed with the record, the courtis of opinion that the appellee, James F. Johnson, administrator of Samuel P. R. Moorman, dec’d, was not warranted in receiving in Confederate money the amount of the debt due by Wesley Peters to the said testator, depreciated as said money was in May and July 1868, when it was so received; and that in the settlement of the account of the said administrator, instead of being charged with the scaled value of so much Confederate currency as at the time at which it was received, he ought to have been charged with the par amount of the said debt and interest thereon in good money. The Circuit court, therefore, erred in that respect.
The court is further of opinion, that the sale of land made by the said administrator to the defendant Thomas Holland, was a valid and legal sale; that the terms of it were fully performed on the part of said Holland, who is therefore entitled to have the land conveyed to him by the said administrator; that the said administrator ought to be charged, in the settlement of his accounts, with the amount of the purchase money of the said land, at the scaled value, of so much Confederate currency at the time it was received; and that the said land should be decreed to be conveyed to the said Holland in fee simple, by deed, with special warranty. The Circuit court, therefore, also erred in that respect.
The court is, therefore, of opinion that so much of the said decree of the said Circuit court as is in conflict with what is above declared is erroneous ; and it is decreed and ordered that the same, to that extent, be reversed and annulled, and the residue thereof affirmed ; and that the appellee, James F. Johnson, administrator with the will annexed, of Samuel P. R. Moorman,dec’d,' do, out of the assets of his testator in his hands to be administered, if so much he hath — and if not, then ou *115 of his own estate, and Albon A. Arthur and Alexander Jordan, his securities, do pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid here. And it is further decreed and ordered, that this cause be remanded to the said Circuit court for.further proceeding to be had therein, in conformity with the foregoing opinion and this decree. And as the amount due by the parties against whom the said decree of the Circuit court was rendered, will be increased by the operation of this decree, it is further decreed and ordered, that any lien which may have been created by the said decree of the Circuit court shall remain in full force for the security, pro tanto, of the amounts which may be found to be due by the parties respectively against whom the said decree was rendered; and that to that extent, and for that purpose also, the said decree be affirmed. And the said parties are to have credit for any payments which may be made by them respectively under the said decree, on account of the amounts which may be found to be due by them, as aforesaid.
"Which is ordered to be certified to the said Circuit court of Bedford county.
Decree reversed.